2010 WY 99

**OPPORTUNITY KNOCKS ENTERPRISES, LLC.,**
Appellant (Plaintiff),

v.

**SHANNON ELECTRIC, INC.,**
Appellee (Defendant).

No. S–09–0079.

Supreme Court of Wyoming.

July 14, 2010.

Representing Appellant: Alan G. Harding and Galen B. Woelk of Aron and Hennig, LLP, Laramie, Wyoming. Argument by Mr. Harding.

Representing Appellee: Peggy A. Trent and Kristin S. Wilkerson of Trent & Wilkerson Law Office, LLC, Laramie, Wyoming. Argument by Ms. Wilkerson.

Before KITE, C.J., and GOLDEN, HILL, VOIGT *, and BURKE, JJ.

VOIGT, Justice.

[¶1] Opportunity Knocks Enterprises, LLC (Opportunity Knocks) appeals a district court's determination that Opportunity Knocks failed to prove that Shannon Electric, Inc. (Shannon Electric) knew, at the time it filed a claim of lien, that the lien was groundless, or that the lien contained a material misstatement or false claim. We affirm, although upon somewhat different grounds than those relied upon by the district court.

## ISSUES

[¶2]   1.   Did the district court err in determining, pursuant to Wyo. Stat. Ann. § 29–1–311(b) (LexisNexis 2009), that Opportunity Knocks failed to prove that Shannon Electric knew, at the time it filed a claim of lien, that the lien was groundless, or that the lien contained a material misstatement or false claim?

2.   Does Wyo. Stat. Ann. § 29–1–311(b) require a petitioner to prove intentional fraud when challenging a lien as groundless, containing a material misstatement or false claim?

3.   Does a lien claim that does not comply with Wyo. Stat. Ann. § 29–1–301(b)(iv) (LexisNexis 2009) contain a material misstatement as a matter of law?

## FACTS

[¶3]   Opportunity Knocks contracted with Shannon Electric on July 17, 2008, to perform electrical work on an apartment building in Laramie, Wyoming. Shannon Electric agreed to install all the electrical systems in an eighteen unit apartment complex for a contract price of $92,736.00. As required by the contract, Opportunity Knocks made a twenty percent down payment prior to Shannon Electric beginning the project. After working on the property for over a month, Shannon Electric stopped work after witnessing another electrical contractor "correcting and rehanging the electrical service meter." The following day, Opportunity Knocks requested an itemized list of charges for materials and labor that Shannon Electric had expended on the property, and requested a refund of any remaining amount of the down payment. Shannon Electric provided the requested itemization which included charges for labor and materials and also included a twenty-five percent markup on the materials, a sixteen-percent profit margin, and a twelve-percent overhead charge for the services performed. According to the itemization provided by Shannon Electric, Opportunity Knocks owed $20,401.12, in addition to the down payment.[1] A few weeks later, Shannon Electric notified Opportunity Knocks of its intent to file a mechanic's lien, alleging that an amount of $10,471.33 remained outstanding.[2] Shannon Electric

---

* Chief Justice at time of oral argument.
  * This case was re-assigned to Justice Voigt on April 15, 2010.

1.   In the weeks that followed, Shannon Electric sent several letters to Opportunity Knocks correcting prior itemizations and adjusting the total amount allegedly owed.

2.   The difference between the earlier amount of $20,401.12 demanded and the latter $10,471.33 is the cost of materials purchased by Shannon

eventually filed a Statement of Lien in the amount of $9,316.26.[3]

[¶ 4] Opportunity Knocks filed in the district court a Verified Petition to Invalidate Lien and Application for Ex Parte Order to Show Cause, pursuant to Wyo. Stat. Ann. § 29-1-311(b). In its petition, Opportunity Knocks contended that Shannon Electric improperly included profit, overhead, and markups in its lien statement and that the labor portion of the lien statement did not specifically state the dates, times, and hours worked. The district court denied the petition. Specifically, the district court concluded that Opportunity Knocks failed to carry its burden of proving that Shannon Electric knew at the time of filing its lien statement that it was groundless, or that it contained a material misstatement, or that it was a false claim. The district court also concluded that it was the "better policy" to allow a party to assert a lien for profits, overhead, and markups. Finally, the district court held that the lien amount and description of labor and materials supplied was not a material misstatement because the lien statutes did not require Shannon Electric to provide specific details relating to the dates, times, and individuals who performed the labor, and although there were minor misstatements in the lien statement, none of those misstatements were material, nor did any of them mislead or prejudice Opportunity Knocks. This appeal by Opportunity Knocks timely followed.

### WYO. STAT. ANN. § 29-1-311(b)

[¶ 5] Wyo. Stat. Ann. § 29-1-311(b) provides in pertinent part as follows:

(b) Any person whose real or personal property is subject to a recorded claim of lien who believes ... that the person claiming the lien knew at the time of filing the lien was groundless, contained a material misstatement or false claim, may petition the district court of the county in which the claim of lien has been recorded for the relief provided in this subsection....

### STANDARD OF REVIEW

[¶ 6] We review the district court's decision following a bench trial by applying the following standards:

The factual findings of a judge are not entitled to the limited review afforded a jury verdict. While the findings are presumptively correct, the appellate court may examine all of the properly admissible evidence in the record. Due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses, and our review does not entail re-weighing disputed evidence. Findings of fact will not be set aside unless they are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

*Mullinnix LLC v. HKB Royalty Trust,* 2006 WY 14, ¶ 12, 126 P.3d 909, 916 (Wyo. 2006) (citations omitted). *See also, Addison v. Dallarosa–Handrich,* 2007 WY 110, ¶ 8, 161 P.3d 1089, 1091 (Wyo.2007). With regard to the trial court's findings of fact,

we assume that the evidence of the prevailing party below is true and give that party every reasonable inference that can fairly and reasonably be drawn from it. We do not substitute ourselves for the trial court as a finder of facts; instead, we defer to those findings unless they are unsupported by the record or erroneous as a matter of law.

*Mullinnix,* ¶ 12, 126 P.3d at 916 (citations omitted). The district court's conclusions

---

Electric for completion of the job, but which were never delivered to the job site. The adjusted amount continued to include the original additional percentages for profit, overhead, and markups.

3. The difference between the amount stated in the Statement of Lien and notice of intent to file a lien resulted from an adjustment for materials actually delivered to Opportunity Knocks, as well as a minor adjustment to the labor charge. This amount also continued to include the original additional percentages for profit, overhead, and markups.

of law, however, are subject to our *de novo* standard of review. *Id.*

*Cook v. Eddy*, 2008 WY 111, ¶ 6, 193 P.3d 705, 708 (Wyo.2008). Statutory construction is a question of law, reviewed *de novo. Cheyenne Newspapers, Inc. v. Bldg. Code Bd. of Appeals of City of Cheyenne*, 2010 WY 2, ¶ 9, 222 P.3d 158, 162 (Wyo.2010).

## DISCUSSION

*Did the district court err in determining, pursuant to Wyo. Stat. Ann. § 29–1–311(b) (LexisNexis 2009), that Opportunity Knocks failed to prove that Shannon Electric knew, at the time it filed a claim of lien, that the lien was groundless, or that the lien contained a material misstatement or false claim?*

■ [¶ 7] Opportunity Knocks argues that the district court erred in upholding the validity of Shannon Electric's lien because the lien included amounts not authorized by Wyo. Stat. Ann. § 29–2–101 (LexisNexis 2009). Specifically, Opportunity Knocks argues that Wyo. Stat. Ann. § 29–2–101 permits a lien only to the extent of the actual cost of labor and materials supplied and not additional amounts for profit, overhead, and markups, as were included in Shannon Electric's lien claim. Wyo. Stat. Ann. § 29–2–101 provides in pertinent part:

> (a) Except as provided in W.S. 29–2–111, every person performing any work on or furnishing any materials or plans for any building or any improvement upon land shall have for his work done or plans or materials furnished a lien upon the building or improvements . . . .
>
> (b) To have a lien the work or materials shall be furnished under a contract.

■ [¶ 8] We will affirm the district court's determination that Opportunity Knocks' proof that Shannon Electric included amounts for profit, overhead, and markups in its lien claim does not amount to proof that the lien claim was groundless, or that it

contained a material misstatement or a false claim. We note, however, that Wyo. Stat. Ann. § 29–1–311(b)(i) places the burden of proof upon the lien claimant, in this case Shannon Electric, not upon the property owner, in this case Opportunity Knocks, to show cause why the petition should not be granted. We conclude that, even if Shannon Electric eventually does not prevail on the question of whether profit, overhead, and markups may be included in the statutory lien, Shannon Electric showed that the lien claim was not groundless or false under the meaning of this statute. The statute does not, on its face, forbid the inclusion of such amounts, and this Court has never ruled to that effect. Further, as pointed out by the district court, there may be legitimate policy reasons to allow such inclusion. *See* Richard K. Allen & Stanley A. Martin, *Construction Law Handbook* 1219 (2d ed. 2009) (common business practice to include in contract price profit, overhead, and markups associated with the work performed). Such amounts as may actually be owed under the contract, and such amounts as may be covered by the lien, if any, are matters of proof to be determined in the separate lien foreclosure and contract breach action.[4] The present case involves only the petition filed under Wyo. Stat. Ann. § 29–1–311(b).

*Does Wyo. Stat. Ann. § 29–1–311(b) require a petitioner to prove intentional fraud when challenging a lien as groundless, containing a material misstatement or false claim?*

[¶ 9] Opportunity Knocks argues that the district court erred by requiring it to prove that Shannon Electric committed an intentional fraud in order to invalidate the lien under Wyo. Stat. Ann. § 29–1–311(b). Opportunity Knocks claims that it proved the following and therefore the lien would have been invalidated had the district court not erroneously applied a fraud standard: 1) that Shannon Electric changed the claimed lienable amounts several times prior to filing the lien statement; 2) the district court ques-

---

4. Although the district court recognized that it may be "the better practice" to allow claimants to include profits, overhead, and markups in the lien, the question of whether Wyo. Stat. Ann. § 29–2–101 permits such inclusion was not before the district court, nor is that question before this Court.

tioned some of the itemizations; 3) the district court found the lien statement to be "slightly confusing" and that it contained "several minor misstatements"; and 4) the lien statement improperly included amounts for profit, overhead, and markups. We find it unnecessary to determine whether the district court applied an intentional fraud standard, or erred in doing so, because none of the matters raised by Opportunity Knocks would make the lien statement groundless, or would constitute material misstatements or false claims. That conclusion would not change had the district court correctly assigned the burden of proof to Shannon Electric.

*Does a lien claim that does not comply with Wyo. Stat. Ann. § 29–1–301(b)(iv) (LexisNexis 2009) contain a material misstatement as a matter of law?*

 [¶ 10] Opportunity Knocks argues that Shannon Electric's lien statement contained a material misstatement and was therefore invalid as a matter of law because it only provided a "skeletal list of the materials delivered" and described the labor costs as approximately 100 hours without providing specific details regarding the materials delivered or who performed the labor, at what rate, or on what date the labor was performed, thereby violating Wyo. Stat. Ann. § 29–1–301(b)(iv). We conclude that a petition filed pursuant to Wyo. Stat. Ann. § 29–1–311(b) is not the appropriate method for testing the adequacy of a lien statement under Wyo. Stat. Ann. § 29–1–301(b). That issue is more appropriately before the district court in the lien foreclosure action. As evidenced by its clear language, Wyo. Stat. Ann. § 29–1–311(b) provides a remedy for challenging certain liens against governmental officials, forged liens, and liens known at the time of filing to be groundless or false, or to contain material misstatements. The statute is not meant to be used beyond that purpose simply to test the adequacy of information supplied in a lien statement.

## CONCLUSION

[¶ 11] The district court did not err in concluding that the alleged deficiencies in the lien statement in this case did not show that Shannon Electric knew at the time of filing that its lien claim was groundless, or that it contained a material misstatement or a false claim. While the district court did err in assigning the burden of proof under Wyo. Stat. Ann. § 29–1–311 to Opportunity Knocks, that erroneous assignment did not affect the correct result reached by the district court.

[¶ 12]  Affirmed.