2011 WY 84

**VISION 2007, LLC, Appellant
(Petitioner),**

v.

**LEXSTAR DEVELOPMENT AND
CONSTRUCTION COMPANY,
LLC, Appellee (Respondent).**

No. S–10–0020.

Supreme Court of Wyoming.

May 25, 2011.

Representing Appellant: Douglas Fowler of Fowler Associates, Cheyenne, Wyoming*; Stephen H. Kline of Kline Law Office, P.C., Cheyenne, Wyoming; and John W. Burke of Thomas Braun Bernard & Burke, LLP, Rapid City, South Dakota. Argument by Mr. Burke.

Representing Appellee: Ryan Schwartz of Williams, Porter, Day & Neville, P.C., Casper, Wyoming.

Before KITE, C.J., and GOLDEN, HILL, VOIGT,** and BURKE, JJ.

GOLDEN, Justice.

[¶ 1]  Vision 2007, LLC (Vision) entered into a contract with Lexstar Development and Construction Company, LLC (Lexstar) for the construction of a hotel. After seventeen months of work on the project, Vision terminated the contract with Lexstar, and Lexstar subsequently filed a lien against the hotel property for amounts it claimed remained owing. Vision filed a petition to strike the lien pursuant to Wyo. Stat. Ann. § 29–1–311(b), which the district court denied on the ground that Vision failed to prove Lexstar knew, when it filed its claim of lien, that the lien was groundless or contained a material misstatement or false claim. Vision appeals, claiming the district court improperly placed the burden of proof on Vision and that the district court's factual findings were clearly erroneous.

[¶ 2]  Although we agree the burden of proof under Wyo. Stat. Ann. § 29–1–311(b) is on the lien claimant, not on the project owner, we find the district court's ruling was properly based on the evidence presented by the lien claimant, Lexstar, and on the failure of Vision to allege proper grounds for relief under Wyo. Stat. Ann. § 29–1–311(b). We thus affirm.

## ISSUES

[¶ 3]  Vision presents the following issues on appeal:

I.   Did the district court err in refusing to strike the corrected lien statement filed after the 120–day statutory limit?

II.   Did the district court err in refusing to strike the lien statement and corrected

---

* Order Allowing Withdrawal of Counsel filed April 29, 2010.

** Chief Justice at time of oral argument.

lien statement which did not include an itemized list setting forth and describing materials delivered or work performed, as required by Wyo. Stat. Ann. § 29–1–301?

III. Did the district court err in refusing to strike [the] lien statement which was untimely on its face?

IV. Did the district court err in placing the burden of proof under Wyo. Stat. Ann. § 29–1–311 upon the Petitioner?

## FACTS

[¶ 4] On October 2, 2007, Vision contracted with Lexstar for the construction of a hotel in Campbell County, Wyoming. Seventeen months later, on March 5, 2009, Vision served Lexstar with a "Notice of Termination of Contract by Owner for Cause." On July 9, 2009, Lexstar filed a "Lien Statement" with the Campbell County Clerk, claiming a lien in the amount of $430,337.78 against the hotel property. The lien stated, "This amount represents the unpaid balance for goods, material and services furnished in the design, approval, construction oversight and materials on the above-described real property."

[¶ 5] On August 17, 2009, counsel for Vision contacted counsel for Lexstar and advised that "the lien was filed on the 121st day after March 10, 2009." The following day, August 18, 2009, Lexstar filed a "Corrected Lien Statement." The "Corrected Lien Statement" changed the date when materials were last furnished by the lien claimant from March 10, 2009, to March 19, 2009. An affidavit attached to the "Corrected Lien Statement" and signed by Patrick Davidson, counsel for Lexstar, stated the change to the "Lien Statement" was the correction of a typographical error. The affidavit incorporated an e-mail communication from Lexstar to its counsel, dated prior to the filing of the original "Lien Statement," that indicated the last day work was performed by Lexstar was March 19, 2009.

[¶ 6] On August 26, 2009, Vision filed a "Petition for Order Striking Lien Statements Pursuant to Wyo. Stat. § 29–1–311." On September 2, 2009, the district court issued an "Order to Show Cause Why Lien State-ment and Corrected Lien Statement Should Not Be Stricken Pursuant to Wyo. Stat. § 29–1–311." On September 22, 2009, a hearing was held on the district court's order to show cause, and on October 28, 2009, the district court issued an "Order Denying Petitioner's Motion to Strike Lien Pursuant to Wyo. Stat. Ann. § 29–1–311." In so ordering, the district court reasoned:

Wyo. Stat. Ann. § 29–1–311 contemplates an abbreviated procedure because the described relief is warranted only under very limited circumstances. Pursuant to the statute, Vision 2007 must demonstrate that Lexstar's Lien Statement and Corrected Lien Statement were either forged or that Lexstar knew at the time it filed the lien it was groundless, contained a material misstatement, or was false.

Patrick Davidson, counsel for Lexstar who prepared and filed the statements, testified at the hearing. The Court finds that there is no question that the documents were not forged. Therefore, Vision 2007 must demonstrate that Lexstar knew at the time it filed the statements that they were groundless, contained a material misstatement, or were false.

Vision 2007 argues the Lien Statement was invalid because either 1) the Lien Statement mistakenly identified the date work was last performed as March 10, 2009 instead of March 19, 2009; and/or 2) the lien statements failed to set forth an itemization list setting forth and describing the materials delivered or work performed. Vision 2007 has not provided any evidence that these alleged defects were committed with the specific knowledge of Lexstar, let alone with Lexstar's specific knowledge that the lien statements were groundless, contained a material misstatement, or were false. To the contrary, Patrick Davidson testified that at the time of filing he had a reasonable belief that Lexstar's claim to a lien was valid, and that any errors in the lien statements were either typographical or not errors at all. In either case, it argues Vision 2007 is not entitled to relief under Wyo. Stat. Ann. § 29–1–311. The Court agrees with Lexstar.

The evidence presented to the Court does not show that Lexstar filed the lien statements with specific knowledge that they were groundless, contained material misstatements, or were false. Wyo. Stat. Ann. § 29–1–311 is not the proper avenue for these issues or contentions, and, for the very limited purpose of these proceedings, the Court finds it should declare the lien valid pursuant to Wyo. Stat. Ann. § 29–1–311(b)(v).

[¶ 7] After Vision filed its notice of appeal, and the parties were unable to agree on a statement of the record, the district court, on January 15, 2010, issued the "Court's Settlement of Record." The district court settled the record as follows:

1. Petitioner Vision 2007, LLC ("Vision 2007") is a limited liability company duly organized and existing under the laws of the state of South Dakota. Petitioner is the owner of a motel construction project in Campbell County, Wyoming, commonly known as the Settle Inn, situated near Cam–Plex (the project).

2. Respondent Lexstar Development and Construction Company, LLC ("Lexstar") is a limited liability company duly organized and existing under the laws of the state of North Dakota. Over the course of many months, Respondent has supplied materials for the motel project.

3. On July 9, 2009, Lexstar filed a verified *Lien Statement* against Vision 2007 with the Campbell County Clerk and Register of Deeds in the amount of $430,337.78. The verified *Lien Statement* stated that "[t]he date when materials were last furnished by the Lien Claimant was March 10, 2009."

4. At the hearing, counsel for Lexstar, Patrick G. Davidson testified that, at the time the *Lien Statement* was filed, his staff was in possession of documentation indicating that the last date when materials were furnished was, in fact, March 19, 2009, rather than March 10, 2009. Mr. Davidson testified that the reference to March 10, 2009 in the *Lien Statement* as "[t]he date when materials were last furnished" was simply a typographical error, that he had "made a mistake" and that, in fact, the correct date was March 19, 2009.

5. Mr. Davidson testified that he was familiar with Wyoming Statute § 29–1–301(b) and its requirement that a lien statement include "[a]n itemized list setting forth and describing materials delivered or work performed." He further testified that he included in the *Lien Statement* the verbiage "[t]his amount represents the unpaid balance for goods, material and services furnished in the design, approval, construction oversight and materials on the above-described real property," so as to satisfy the requirements of Wyoming Statute § 29–1–301.

6. Mr. Davidson also testified that the project was of an extensive nature, that weekly draw requests were sent from Lexstar to Vision 2007 during the entire course of the project, and the weekly draw requests detailed the basis for the charges. Mr. Davidson also testified that given the nature and scope of the work, the entirety of the documentation would be too voluminous to file with the County Clerk.

7. On August 18, 2009, Mr. Davidson, on behalf of Lexstar, filed a *Corrected Lien Statement* in the amount of $430,337.78 reflecting that the last day materials were supplied was March 19, 2009. The *Corrected Lien Statement* was accompanied by an *Affidavit* executed by Mr. Davidson.

8. That Mr. Davidson testified that although he had verified both the *Lien Statement* and the *Corrected Lien Statement,* he did not have personal knowledge of how the amount claimed of $430,337.78 was arrived at.

9. Mark S. Foster testified on behalf of Vision 2007 and in his testimony he asserted that Vision 2007 was in the final days of construction and was within days of opening the Gillette Settle Inn. He further testified that Vision 2007 was in need of converting from construction financing to a permanent financing, and that Lexstar's lien was inhibiting Vision 2007's ability to secure permanent financing.

## STANDARD OF REVIEW

[¶ 8] We review the district court's decision after a bench trial by applying the following standards:

The factual findings of a judge are not entitled to the limited review afforded a jury verdict. While the findings are presumptively correct, the appellate court may examine all of the properly admissible evidence in the record. Due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses, and our review does not entail re-weighing disputed evidence. Findings of fact will not be set aside unless they are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

*Opportunity Knocks Enterprises, LLC v. Shannon Elec., Inc.*, 2010 WY 99, ¶ 6, ·236 P.3d 255, 257 (Wyo.2010) (quoting *Mullinnix LLC v. HKB Royalty Trust*, 2006 WY 14, ¶ 12, 126 P.3d 909, 916 (Wyo.2006)). With regard to the district court's findings of fact,

we assume that the evidence of the prevailing party below is true and give that party every reasonable inference that can fairly and reasonably be drawn from it. We do not substitute ourselves for the trial court as a finder of facts; instead, we defer to those findings unless they are unsupported by the record or erroneous as a matter of law.

*Id.*

[¶ 9] The district court's conclusions of law, however, are subject to our *de novo* standard of review. *Cook v. Eddy*, 2008 WY 111, ¶ 6, 193 P.3d 705, 708 (Wyo.2008). Statutory construction is a question of law, reviewed *de novo*. *Cheyenne Newspapers, Inc. v. Bldg. Code Bd. of Appeals of City of Cheyenne*, 2010 WY 2, ¶ 9, 222 P.3d 158, 162 (Wyo.2010).

## DISCUSSION

[¶ 10] Section 29–1–311(b) outlines the grounds and process for filing a petition to strike a lien on the ground that the lien was forged, knowingly groundless, or contains a material misstatement or false claim. It provides, in relevant part:

(b) Any person whose real or personal property is subject to a recorded claim of lien who believes ... that the person claiming the lien knew at the time of filing the lien was groundless, contained a material misstatement or false claim, may petition the district court of the county in which the claim of lien has been recorded for the relief provided in this subsection.

Wyo. Stat. Ann. § 29–1–311(b) (LexisNexis 2009).

### A. Timeliness of "Lien Statement" and "Corrected Lien Statement"

*Original "Lien Statement"*

[¶ 11] Vision claims that Lexstar's original "Lien Statement" was groundless on its face and should have been stricken because the date it specified as the last date on which Lexstar performed work was clearly outside the 120–day time period for filing the lien statement. This argument ignores the plain language of § 29–1–311(b).

[¶ 12] The statute requires more than a finding that a lien statement is groundless. It requires a finding that the lien claimant knew at the time of filing that the lien was groundless. Here, the uncontroverted evidence submitted by Lexstar, through the testimony of its attorney, was that a typographical error resulted in the mistaken date (March 10) being used in the "Lien Statement," and prior to filing the "Lien Statement," Lexstar had provided its attorney the later date (March 19) on which it believed it last performed work on Vision's hotel project.

[¶ 13] Lexstar did not knowingly specify March 10 as opposed to March 19 as the last date on which work was performed, and it thus did not knowingly file a groundless lien statement. Questions as to the accuracy or adequacy of the information included in a lien statement are properly resolved in a lien foreclosure proceeding, not in the expedited and limited proceeding authorized by § 29–1–311(b). *Opportunity Knocks*, ¶ 10, 236 P.3d at 259. Therefore, if issues of

fact remain as to the last date on which work or materials were provided in this matter, those issues are questions for the lien foreclosure proceeding.

*"Corrected Lien Statement"*

[¶ 14]   Vision next contends that because the lien statutes provide no procedure for filing a corrected lien statement outside the 120–day period for filing the original lien statement, the "Corrected Lien Statement" should be stricken as a groundless lien. Again, the question that may be resolved under a subsection 311(b) proceeding is not whether the "Corrected Lien Statement" was a legally viable filing, but whether Lexstar knowingly filed a groundless lien statement, corrected or otherwise.   We hold that the district court's finding that Lexstar did not knowingly file a groundless lien when it filed its "Corrected Lien Statement" is not clearly erroneous.

[¶ 15]   This Court has recognized that the failure to specify the correct dates in a lien statement is not necessarily fatal to the lien. We noted that 27 Cyc. Of Law & Proc., p. 201, stated:

> A mistake or inaccuracy in the statement as to a date is not necessarily fatal, if no one is misled thereby to his prejudice; nor would such mistake preclude the claimant, when necessary to sustain his lien, from showing the true date.

*Phelan v. Cheyenne Brick Co.,* 26 Wyo. 493, 506, 188 P. 354, 358 (Wyo.1920).   Counsel for Lexstar testified the error in the original "Lien Statement" was a typographical error, he had a reasonable belief that Lexstar's claim to a lien was valid, and weekly draw requests detailing the basis for charges were sent to Vision throughout Lexstar's work on the project.   In other words, Lexstar presented evidence that it had no knowledge its original typographical error was misleading or the correction of that error would prejudice Vision.

[¶ 16]   Importantly, the district court did not find, and we do not hold, that the question whether the date error may be corrected, through evidence at the foreclosure proceeding or through the "Corrected Lien Statement," has been resolved.   Whether the

date error was misleading or prejudicial is a question for the lien foreclosure proceeding, not for a subsection 311(b) proceeding.

**B.   *Failure to Itemize Charges***

[¶ 17]   Vision argues as an additional basis for striking both the original and corrected lien statements that neither contained a sufficiently detailed itemization of the amounts allegedly owed to Lexstar.   The district court did not expressly address this ground other than to generally deny the relief requested and defer the issues raised by Vision to a future lien foreclosure proceeding.   We agree that the issue of itemization is properly addressed in the foreclosure proceeding, and that adequacy of itemization is not a basis for a subsection 311(b) petition. We previously explained:

> Opportunity Knocks argues that Shannon Electric's lien statement contained a material misstatement and was therefore invalid as a matter of law because it only provided a "skeletal list of the materials delivered" and described the labor costs as approximately 100 hours without providing specific details regarding the materials delivered or who performed the labor, at what rate, or on what date the labor was performed, thereby violating Wyo. Stat. Ann. § 29–1–301(b)(iv).   We conclude that a petition filed pursuant to Wyo. Stat. Ann. § 29–1–311(b) is not the appropriate method for testing the adequacy of a lien statement under Wyo. Stat. Ann. § 29–1–301(b). That issue is more appropriately before the district court in the lien foreclosure action.   As evidenced by its clear language, Wyo. Stat. Ann. § 29–1–311(b) provides a remedy for challenging certain liens against governmental officials, forged liens, and liens known at the time of filing to be groundless or false, or to contain material misstatements.   The statute is not meant to be used beyond that purpose simply to test the adequacy of information supplied in a lien statement.

*Opportunity Knocks,* ¶ 10, 236 P.3d at 259.

**C.   *Burden of Proof***

[¶ 18]   Wyo.   Stat.   Ann.   § 29–1–311(b) places the burden of proof on the lien

claimant, not on the property owner. *Opportunity Knocks*, ¶ 8, 236 P.3d at 258. We therefore find that the district court erred in assigning the burden of proof to Vision. We conclude, however, that the erroneous assignment did not affect the outcome of the proceeding below. The district court's ruling was based on the evidence presented by the lien claimant, Lexstar, and on the failure of Vision to allege proper grounds for relief under § 29–1–311(b).

[¶ 19] Affirmed.