# IN THE SUPREME COURT, STATE OF WYOMING

## 2021 WY 86

APRIL TERM, A.D. 2021

July 28, 2021

EXCEL CONCRETE & EXCAVATION,
LLC,

Appellant
(Respondent),

v.

THE DOUGLAS MATTHEW SCHRIER
LIVING TRUST dated April 22, 2015, by and
through Douglas Matthew Schrier, Trustee,

Appellee
(Petitioner).

THE DOUGLAS MATTHEW SCHRIER
LIVING TRUST dated April 22, 2015, by and
through Douglas Matthew Schrier, Trustee,

Appellant
(Petitioner),

v.

EXCEL CONCRETE & EXCAVATION,
LLC,

Appellee
(Respondent).

S-20-0261, S-20-0262

*Appeal from the District Court of Teton County*
*The Honorable Timothy C. Day, Judge*

*Representing Appellant Excel Concrete & Excavation, LLC in S-20-0261:*
Bret F. King and Spencer B. King of King & King, LLC, Jackson, Wyoming. Argument by Spencer King.

*Representing Appellee Excel Concrete & Excavation, LLC in S-20-0262:*
Spencer B. King of King & King, LLC, Jackson, Wyoming.

*Representing The Douglas Matthew Schrier Living Trust:*
Paul E. D'Amours of Hess D'Amours & Krieger, LLC, Jackson, Wyoming.

*Before FOX, C.J., and DAVIS[*], KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

*[*]Chief Justice at time of oral argument.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]     Douglas Schrier hired Excel Concrete & Excavation, LLC to provide construction services on his property in Teton County, Wyoming.  After a dispute over payments, Excel filed a lien against Mr. Schrier's property.  Mr. Schrier petitioned the district court to strike the lien pursuant to Wyo. Stat. Ann. § 29-1-601(b) and requested attorneys' fees, claiming first that the lien was groundless because Excel's preliminary lien notice was untimely, and second that the lien contained material misstatements.  The district court found Excel's preliminary lien notice untimely and struck the lien, but denied Mr. Schrier's request for attorneys' fees because it found Excel did not knowingly file a groundless lien.  It did not reach Mr. Schrier's material misstatements claim.  Both parties appealed.  We reverse because the expedited and limited proceeding authorized by § 29-1-601(b) affords Mr. Schrier no relief.

*ISSUES*

[¶2]     The issues[1] in this case are:

> I. Did the district court err in striking the lien pursuant to Wyo. Stat. Ann. § 29-1-601, when it also determined Excel did not knowingly file a groundless lien?

---

[1] The parties focus on the lone issue they presented to the district court by stipulation—the timeliness of the preliminary lien notice.  As noted *infra* ¶¶ 9–10, 15, the parties' stipulation misdirected the court's Wyo. Stat. Ann. § 29-1-601 analysis.  Our ruling on the court's "knowingly" finding and the limited nature of § 29-1-601 proceedings necessitates that we reframe the dispositive issues.

We identified a possible jurisdictional issue after learning that Excel filed a complaint to foreclose the lien in August 2020 while the § 29-1-601 proceeding was pending.  *See* Wyo. Stat. Ann. § 29-2-109 (LexisNexis 2021) ("All actions to foreclose or enforce a lien under this chapter shall be commenced within one hundred eighty (180) days after the filing of the lien statement.")  Excel's complaint included a breach of contract claim.  The court stayed that action pending arbitration.

Questioning whether Excel had filed "a compulsory counterclaim under W.R.C.P. 13(a)(1) as a separate action[,]"  we asked the parties to submit supplemental briefing on whether the order striking the lien was "final and appealable while the contract claim is pending, awaiting arbitration, albeit in a separate case."  We are satisfied that we have jurisdiction, Excel did not file a compulsory counterclaim as a separate action, and proceedings to strike a lien pursuant to § 29-1-601 are separate and distinct from proceedings to foreclose a lien pursuant to § 29-2-104.  *See, e.g.*, *Opportunity Knocks Enterprises, LLC v. Shannon Elec., Inc.*, 2010 WY 99, ¶ 8, 236 P.3d 255, 258 (Wyo. 2010) (noting that "[s]uch amounts as may actually be owed under the contract, and such amounts as may be covered by the lien, if any, are matters of proof to be determined in the separate lien foreclosure and contract breach action," not in proceedings to strike a lien); *Vision 2007, LLC v. Lexstar Dev. & Const. Co., LLC*, 2011 WY 84, ¶ 13, 255 P.3d 914, 918 (Wyo. 2011) (stating that proceedings to strike a lien are "expedited and limited"); *Matter of Bruce F. Evertson Dynasty Trust*, 2019 WY 84, ¶ 13 n.8, 446 P.3d 705, 709 n.8 (Wyo. 2019) (explaining that because a petition is not considered a pleading under W.R.C.P. 7(a) it requires no responsive pleading).

1

II. Is Mr. Schrier entitled to relief on his material misstatements claim under Wyo. Stat. Ann. § 29-1-601(b)?

## *FACTS*

[¶3]  Mr. Schrier owns property in the Saddle Butte Ranch subdivision in Teton County. On March 22, 2019, Mr. Schrier contracted with Excel for excavation and concrete work for a main house and guest house he was building on the property. The contract included a 14-line item payment schedule, with each payment due on completion of a discrete project. The total contract price was $906,000.

[¶4]  Mr. Schrier paid Excel an initial deposit of $25,000 on March 25, 2019. Excel began removing snow from the site that same day and started excavation work April 4. Excel sent Mr. Schrier preliminary notice of its right to file a lien on April 29.

[¶5]  A dispute arose in early 2020 and Excel stopped working. On March 30, Excel filed a lien against the property, asserting Mr. Schrier owed it $276,616. Excel attached a Schedule of Values to its lien statement with a breakdown of the amounts still owed on the various projects it performed under the contract.

[¶6]  In late May, Mr. Schrier filed a Wyo. Stat. Ann. § 29-1-601 petition to strike the lien and requested attorneys' fees. He contended the lien was groundless because Excel's preliminary notice of its right to file a lien was untimely. Excel responded that Mr. Schrier failed to state a claim because § 29-1-601 requires that "the lien claimant knew at the time of filing that the lien was groundless" and Mr. Schrier failed to assert Excel knew its lien was groundless. The district court set a hearing and ordered briefing on the timeline of events and whether it was appropriate to address the timeliness of the preliminary lien notice in the § 29-1-601 proceeding.

[¶7]  Mr. Schrier amended his petition in August. He reasserted his claim the lien was groundless, adding that Excel was presumed to know its untimely preliminary notice made the lien groundless. He also added a material misstatements claim as an alternative basis to strike the lien. In this claim, he asserted Excel's Schedule of Values contained eight misstatements regarding how much work Excel had completed on the various projects, the quality of the work completed, and the amounts owed thereon under the lien.

[¶8]  Excel maintained that its preliminary notice was timely, and its lien was not groundless. Excel further asserted that Mr. Schrier's material misstatements claim should be addressed in its pending lien foreclosure action, *see supra* ¶ 2 n.1, not in the § 29-1-601 proceeding.

[¶9]  The § 29-1-601 hearing took place on August 13 and 20, 2020. The parties stipulated to present evidence only on the timeliness of the preliminary lien notice. They

agreed that if the court found the preliminary notice untimely, the lien should be dismissed—if the court found the preliminary notice timely, the parties would return to present evidence on Mr. Schrier's material misstatements claim. The stipulation left the court to decide whether Mr. Schrier's claims were proper for the petition to strike proceedings, or whether they should be heard in the lien foreclosure action.

[¶10] Taking the parties' lead, the district court found Excel's preliminary lien notice untimely and struck the lien. It then denied Mr. Schrier attorneys' fees, stating:

> [T]he Court is not able to find that Excel Concrete knowingly filed a false lien based on the untimeliness of its preliminary lien notice. Rather, Excel Concrete appears to have filed its lien after the contract relationship terminated but did so on the good faith, but mistaken, belief that it had complied with the preliminary notice requirements. This litigation was required to determine the issue of timeliness.[2]

[¶11] Both parties appealed.

## DISCUSSION

[¶12] We review the district court's decision on a petition to strike a lien the same as its decision following a bench trial. *See Vision 2007*, ¶ 8, 255 P.3d at 918; *Opportunity Knocks*, ¶ 6, 236 P.3d at 257.

> Findings of fact will not be set aside unless they are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. In considering a trial court's factual findings, we assume that the evidence of the prevailing party below is true and give that party every reasonable inference that can fairly and reasonably be drawn from it. We do not substitute ourselves for the trial court as a finder of facts; instead, we defer to those findings unless they are unsupported by the record or erroneous as a matter of law. The district court's conclusions of law are reviewed *de novo*.

---

[2] The court repeatedly used the word "false" rather than "groundless" when discussing the timeliness issue. In doing so, it appears to have simply conflated the statute's terms and Mr. Schrier's respective claims. We characterize the court's ruling that the lien notice was untimely as a ruling that the lien was "groundless."

*Fuger v. Wagoner*, 2020 WY 154, ¶ 8, 478 P.3d 176, 181 (Wyo. 2020) (quoting *Mattheis Co. v. Town of Jackson*, 2019 WY 78, ¶ 18, 444 P.3d 1268, 1275 (Wyo. 2019)).

## I.   The district court erred in striking the lien pursuant to Wyo. Stat. Ann. § 29-1-601.

[¶13]  Wyo. Stat. Ann. § 29-1-601(b) states in relevant part:

> Any person whose real or personal property is subject to a recorded claim of lien who believes . . . the lien claimant knew at the time of filing that the lien was groundless, contained a material misstatement or false claim, may petition the court having jurisdiction over the lien of the county in which the claim of lien has been recorded for the relief provided in this subsection.
>
> . . . .
>
> If, following a hearing on the matter the court determines . . . the lien claimant knew at the time of filing that the lien was groundless or contained a material misstatement or false claim, the court shall issue an order striking and releasing the claim of lien and awarding damages of one thousand dollars ($1,000.00) or actual damages, whichever is greater, costs and reasonable attorneys' fees to the petitioner to be paid by the lien claimant[.]

Wyo. Stat. Ann. § 29-1-601(b)(iv) (LexisNexis 2021).

[¶14]  In previously applying this statute, we held it clearly "requires more than a finding that a lien statement is groundless." *Vision 2007*, ¶ 12, 255 P.3d at 918. "It requires a finding that the lien claimant knew at the time of filing that the lien was groundless." *Id.*[3] Accordingly, the lien claimant's knowledge controls whether a court may strike even a groundless lien.

[¶15]  The district court therefore erred when, on the parties' invitation, it struck Excel's lien on the timeliness issue alone. *See Beck v. Townsend*, 2005 WY 84, ¶ 12, 116 P.3d 465, 469 (Wyo. 2005) (parties may not stipulate "to disregard or circumvent the specific

---

[3] *Vision 2007* and *Opportunity Knocks* discussed Wyo. Stat. Ann. § 29-1-311(b), which was repealed effective July 1, 2011.  2010 Wyo. Sess. Laws, ch. 92, §§ 3, 5.  The Wyoming lien statutes were reorganized in 2010 and the § 29-1-311(b) language was recodified, with non-substantive changes, as § 29-1-601(b). *See* 2010 Wyo. Sess. Laws, ch. 92; *compare Vision 2007*, ¶ 10, 255 P.3d at 918, *and Opportunity Knocks*, ¶ 5, 236 P.3d at 257, *with* Wyo. Stat. Ann. § 29-1-601(b).

requirement of a statute or rule"). Moreover, having found Excel did not knowingly file a groundless lien, albeit in the narrower context of denying Mr. Schrier attorneys' fees, the court lacked statutory authority to invalidate Excel's lien. Unless the court clearly erred when it found that Excel did not "knowingly file[] a [groundless] lien based on the untimeliness of its preliminary lien notice[,]" we must reverse.[4]

[¶16]   We look to the evidence as a whole to determine whether we are left with the definite and firm conviction the district court made a mistake when it found that Excel did not know its preliminary lien notice was untimely. As the court discussed, the law requires a "contractor" to give preliminary lien notice "prior to receiving any payment from the owner," and a "subcontractor" to give notice "within thirty (30) days after first providing services or materials" to the project. Wyo. Stat. Ann. § 29-2-112(a)(ii) (LexisNexis 2021); *see also* § 29-2-112(a)(iii) ("Failure to send the notice required under this section within the time specified shall bar the right [] to assert a lien[.]"). Whether Excel was a contractor or a subcontractor depends on whether Excel was "employed by and contracting with" the property owner. *See* Wyo. Stat. Ann. § 29-1-201(a)(i), (vi) (LexisNexis 2021). The record makes clear the parties took conflicting positions, each with supporting evidence, on whether Excel was a contractor or subcontractor under § 29-1-201, and whether its preliminary lien notice was timely under § 29-2-112.[5] Taking as true the evidence that favors Excel—the party who prevailed on the knowingly issue—we conclude the district court did not clearly err when it found that Excel did not "knowingly file[] a [groundless] lien based on the untimeliness of its preliminary lien notice." We must therefore reverse the court's order striking the lien.

[¶17]   Because we determine only that Mr. Schrier's claim is insufficient to warrant relief under § 29-1-601(b), not whether the lien is otherwise valid, Excel is not entitled to attorneys' fees under § 29-1-601(b)(v).[6]

---

[4] To act knowingly is to act "with the knowledge that the social harm that the law was designed to prevent was practically certain to result; deliberately." *Knowingly*, *Black's Law Dictionary* (11th ed. 2019). Thus, Mr. Schrier's assertion that Excel was "presumed to know the law" is not enough.

[5] Mr. Schrier took the position that Excel was a contractor and its April 29, 2019 notice was untimely because it accepted the $25,000 deposit on March 25; but even if Excel was a subcontractor, its notice was still untimely because it began providing snow removal services on March 25. Excel took the position that it was a subcontractor and timely sent notice within 30 days of starting excavation work on April 4.

[6] We presume Excel brought its request for attorneys' fees pursuant to Wyo. Stat. Ann. § 29-1-601(b)(v): "If the court determines that the claim of lien is valid, the court shall issue an order so stating and shall award costs and reasonable attorneys' fees to the lien claimant to be paid by the petitioner." Mr. Schrier might still assert the lien is invalid because the preliminary notice was untimely in the pending foreclosure action.

## II. Mr. Schrier is not entitled to relief on his material misstatements claim under Wyo. Stat. Ann. § 29-1-601(b).

[¶18] Despite the parties' stipulation to present evidence only on the timeliness issue, Mr. Schrier now contends that, having determined Excel did not knowingly file a groundless lien, the district court should have considered his material misstatements claim as an alternative basis to strike the lien and award him attorneys' fees.

[¶19] In his material misstatements claim, Mr. Schrier challenged several line items in the Schedule of Values Excel attached to its lien statement. Mr. Schrier asserted Excel misstated the amount of completed work and demanded payment for defective work that required costly repair. Thus, according to Mr. Schrier the amounts Excel claimed he owed were inaccurate. For example, line item five in the Schedule indicated Excel completed 100% of the work on the "[Guest House] Concrete" for which Mr. Schrier owed Excel $75,000. Mr. Schrier countered that the work was not 100% complete because the front porch and steps were not done. Mr. Schrier also claimed the upper and lower walls were not properly aligned, the walls were not straight, the back deck concrete was incorrectly poured, and the window openings were not properly sized.

[¶20] As noted above, Wyo. Stat. Ann. § 29-1-601 "provides a remedy for challenging . . . liens known at the time of filing to be groundless or false, or to contain material misstatements." *Vision 2007*, ¶ 17, 255 P.3d at 919 (quoting *Opportunity Knocks*, ¶ 10, 236 P.3d at 259). We have cautioned that § 29-1-601 "is not meant to be used beyond that purpose simply to test the adequacy of information supplied in a lien statement." *Id.* (quoting *Opportunity Knocks*, ¶ 10, 236 P.3d at 259).

[¶21] In *Opportunity Knocks*, the lien claimant filed a lien statement that included amounts for the actual cost of labor and materials supplied, as well as profit, overhead, and markups. *Opportunity Knocks*, ¶ 7, 236 P.3d at 258. Opportunity Knocks sought to strike the lien, claiming the statute did not authorize the lien claimant to include amounts for profit, overhead, and markups. *Id.* ¶¶ 4, 7, 236 P.3d at 257, 258. We affirmed the court's order denying relief under § 29-1-601, stating that "[s]uch amounts as may actually be owed under the contract, and such amounts as may be covered by the lien, if any, are matters of proof to be determined in the separate lien foreclosure and contract breach action." *Id.* ¶ 8, 236 P.3d at 258 (footnote omitted).

[¶22] Similarly, in *Vision 2007* we ruled that whether a lien statement contains a sufficiently detailed itemization of amounts owed is not a proper basis for a petition to strike, but rather is an issue for the lien foreclosure proceeding. *See Vision 2007*, ¶ 17, 255 P.3d at 919. We also ruled that, provided a lien claimant did not knowingly file a groundless lien statement by, for example, knowingly specifying the wrong date as the last date on which work was performed, remaining "issues of fact" such as the "date[s] on which work or materials were provided" also are "questions for the lien foreclosure

proceeding." *Id.* ¶ 13, 255 P.3d at 918–19. We explained that "[q]uestions as to the accuracy or adequacy of the information included in a lien statement are properly resolved in a lien foreclosure proceeding, not in the expedited and limited proceeding authorized by § 29-1-[601](b)." *Id.* ¶ 13, 255 P.3d at 918 (citing *Opportunity Knocks*, ¶ 10, 236 P.3d at 259); *see supra* ¶ 14 n.3.

[¶23] Mr. Schrier's allegations about how much work was completed, whether the work was defective, and the amounts owed under the lien likewise present "[q]uestions as to the accuracy [] of the information included in a lien statement[.]" *See Vision 2007*, ¶ 13, 255 P.3d at 918. They involve evidence-based "issues of fact" or "matters of proof." *See id.* ¶ 13, 255 P.3d at 918–19; *Opportunity Knocks*, ¶ 8, 236 P.3d at 258. The alleged misstatements are material to the determination of the amounts owed, if any, under the lien, not to whether the lien should be stricken. Therefore, they are not proper allegations for "the expedited and limited proceeding authorized by § 29-1-[601](b)." *See Vision 2007*, ¶ 13, 255 P.3d at 918; *supra* ¶ 14 n.3.

[¶24] Reversed.

7